IN THE UNITED STATES DISTRICT COURT FOR DISTRICT OF COLUMBIA

| | |
|---|---|
| ELAINE ARABAITZIS<br>571 West Anderson Road<br>Sequim, Washington 98382<br><br>  Plaintiff, | :<br>:<br>:<br>:<br>:<br>: |
| v. | : Civil Action No: |
| UNUM LIFE INSURANCE COMPANY OF<br>AMERICA, an insuring subsidiary of<br>UNUM GROUP<br><br>SERVE: Registered Agent<br>    Corporation Service Company<br>    1090 Vermont Avenue, NW<br>    Washington, DC 20005<br><br>and<br><br>THE DICKSTEIN SHAPIRO, LLP LONG TERM<br>DISABILITY PLAN<br><br>SERVE: Registered Agent<br>    Corporation Service Company<br>    1090 Vermont Avenue, NW<br>    Washington, DC 20005<br><br>  Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

1. Plaintiff seeks relief under ERISA, 29 U.S.C. § 1001, et seq., specifically ERISA §502, 29 U.S.C. §1132.

2. This court has jurisdiction pursuant over the issues raised herein pursuant to ERISA §502, 29 U.S.C. §1132(e)(1) and 28 U.S.C.§ 1331 (Federal Question).

3. Venue is appropriate under 29 U.S.C. §1132(e)(2) in that Defendants were

responsible for providing benefits through employment of the participants of the Plan with subject benefits provided by Defendant who are doing business in the District of Columbia so as to have sufficient contacts pursuant to *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 90, 90 L.Ed. 95 (1945) in order to confer in personam jurisdiction.

4. This is an action pursuant to 29 U.S.C. §§ 502(a)(1)(B) and (a)(3) to clarify a beneficiary's rights to past and future benefits under the terms of the plan. Plaintiff seeks a declaration of right under the policy at issue which is an "employee welfare benefit plan" as defined under ERISA. Plaintiff seeks reinstatement of benefits and payment of all back benefits due and owing plus interest. Plaintiff seeks to enforce the rights afforded under the plan and to clarify all rights to future benefits under the plan pursuant to 29 U.S.C. § 1132(a). Plaintiff seeks an award of attorney's fees and costs.

## Parties

5. Plaintiff is an adult resident of Sequim, Washington.

6. Plaintiff was a plan participant under an employee welfare benefits plan established by her employer, Dickstein Shapiro, LLP doing business in the District of Columbia at the time the plan was issued.

7. Defendant Dickstein Shapiro, utilized the Unum Life Insurance Company of America, an insuring subsidiary of Unum Group (Hereinafter, "Unum", as the claims administrator and insurer for the plan.

## The Disability Contract

8. The plan promises to pay benefits if an employee is disabled.

9. Disability in the plan is defined as follows and includes the following

subdefinitions:

> You are disabled when Unum determines that due to your sickness or injury:
>
> 1. You are unable to perform the material and substantial duties of your regular occupation and are not working in your regular occupation or in any occupation; or
>
> 2. You are unable to perform one or more of the material and substantial duties of your regular occupation and are not working in your regular occupation, and you have a 20% of more loss in your indexed monthly earnings while working in your regular occupation or in any occupation. (98)

## Plaintiff's Disability Claim

10.  Plaintiff suffers from pain, discomfort, fatigue and other related impairments caused by cervical and spinal injuries, carpal tunnel syndrome,  among other conditions and impairments.

11.  Plaintiff was an employee at Dickstein Shapiro, LLP serving as a Diversity/Pro Bono Counsel at the time she became disabled on or about 11/27/13.

12.   Unum approved short and long term disability benefits until terminating benefits on 8/19/14.

13.  Plaintiff acquired the undersigned counsel and filed a second appeal on 12/2/14 which included additional medical, functional and vocational evidence.  This appeal concluded with the following statements (bolded as in original):

- **The initial request for information remains continuing in nature.  All documents added to this file must be sent in a timely manner for review prior to your decision.**

- **Should you choose to have Claimant's submitted evidence reviewed by any medical and/or vocational professional, Claimant hereby reserves the right to**

3

**respond to such professional's report prior to your making a final claims determination.**

14. Unum denied benefits again on 1/14/15 and included new medical reviews which were not produced to Plaintiff's counsel previously.

15. Plaintiff's counsel responded to the new information included in the appeal which Unum ignored.

16. With Defendants' final denial, all conditions precedent under the policy have been satisfied and the plaintiff has exhausted all administrative appeals under the plan prior to filing suit. This denial was a result of a clear conflict of interest.

17. Plaintiff is entitled to these benefits under the plan since she has:

    A. Satisfied all conditions to be eligible under the plan; and

    B. Has not waived or otherwise relinquished his entitlement to these benefits.

18. Prior to appealing all claim denials, Plaintiff's counsel sent multiple requests for claims file documentation which required production of the all summary plan documents, governing claims manual provisions or handling instructions under which this claim was reviewed. These requests were made pursuant to 29 C.F.R. § 2560.502 - 1(h) *et seq*.

19. Defendants failed to produce the documentation requested on all occasions, withholding claims guidelines and file information.

### Requested Relief

20. Plaintiff requests that this court review the denial of benefits in this case and declare that he is entitled to all benefits under the policy including payment of all back benefits with interest.

21. Plaintiff seeks payment of all attorney's fees and costs associated with attempting to secure these benefits pursuant to Section 502(g)(1) of ERISA.

22. Plaintiff requests penalties payable in the amount of $110/day or other amount as to be determined by this Court pursuant to 29 U.S.C. §1132(c),29 C.F.R. § 2560.502 - 1(h) *et seq.* as a result of the failure of Defendants to produce the documents requested.

23. Any such other relief the Court may deem just and proper.

Respectfully submitted,

_____/s/_____
Scott B. Elkind, Bar 438811
Elkind & Shea
801 Roeder Rd., Ste. 550
Silver Spring, MD 20910
P: (301) 495-6665
F: (301) 565-5111
Attorney for Plaintiff