# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |  |
|---|---|
| ELAINE ARABAITZIS, <br><br> Plaintiff, <br><br> v. <br><br> UNUM LIFE INSURANCE COMPANY OF AMERICA, <br><br> Defendant. | Case No. 1:16-cv-01273 (TNM) |

## MEMORANDUM AND ORDER

Plaintiff Elaine Arabaitzis seeks to recover benefits under the Employee Retirement Insurance Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*. The Court granted summary judgment for Defendant Unum Life Insurance Company of America, the claims administrator and insurer for her benefits plan. Before the Court is Ms. Arabaitzis's motion for reconsideration of that decision. Ms. Arabaitzis has not shown that she is entitled to relief under Federal Rule of Civil Procedure 59(e), particularly given the deferential standard of review appropriate here. The Court will thus deny Ms. Arabaitzis's motion.

## I.

Ms. Arabaitzis claims that she suffers from "pain, discomfort, fatigue and other related impairments caused by cervical and spinal injuries, carpal tunnel syndrome, among other conditions and impairments." Compl. ¶ 10, ECF No. 1. As a former employee of a law firm, she participated in an employee welfare benefits plan through her employer. *Id*. ¶ 6. Unum was the claims administrator and insurer for that plan. *Id*. ¶ 7.

According to Ms. Arabaitzis, Unum initially approved both her short-term and long-term benefits but then terminated long-term benefits. *Id.* ¶ 12. Under ERISA, Ms. Arabaitzis seeks (1) reinstatement of benefits and payment of "back benefits" with interest; (2) enforcement of the rights under the plan; (3) clarification of rights to future benefits under the plan; and (4) an award of attorney's fees and costs. *Id.* ¶ 4.

The Court referred the case to a Magistrate Judge for Report and Recommendation. July 1, 2016 Minute Order. The parties agreed that this case should be decided on cross-motions for summary judgment. Joint Status Report and Proposed Briefing Schedule, ECF No. 17.

After extensive briefing, the Magistrate Judge issued her Report and Recommendation. *See* Report and Recommendation ("R. & R."), ECF No. 57. The Magistrate Judge recommended that Ms. Arabaitzis's cross-motion be denied and that Unum's cross-motion be granted. *Id.* at 2. The Magistrate Judge applied a deferential standard of review to the denial of benefits because the benefit plan expressly gave the plan administrator discretionary authority to make benefit determinations. *Id.* at 10. And the Magistrate Judge determined that Unum's decision was reasonable. *Id.* at 12.

Ms. Arabaitzis did not object to the Report and Recommendation within the 14 days provided by Federal Rule of Civil Procedure 72(b)(2), and the Court adopted the Magistrate Judge's Report and Recommendation as its own findings and conclusions. Order Adopting Report and Recommendation, ECF No. 58. Later that day, Ms. Arabaitzis moved for an extension of time to file objections to the Magistrate Judge's Report and Recommendation, but the Court denied it as moot based on the Court's prior Order. *See* September 26, 2018 Minute Order. Now Ms. Arabaitzis moves for reconsideration. *See* Pl.'s Mot. for Reconsideration

("Mot."), ECF No. 60. And Unum opposes. Def.'s Obj. to Pl.'s Mot. for Reconsideration ("Def.'s Obj."), ECF No. 62.

## II.

The first issue is whether the Court should evaluate Ms. Arabaitzis's motion under Federal Rule of Civil Procedure 59(e) or 60(b). Rule 59(e) states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." And Rule 60(b) gives parties more time to file motions for relief from final judgment based on, among others, "mistake, inadvertence, surprise, or excusable neglect."

Unum argues that Ms. Arabaitzis's motion should be evaluated under Rule 59(e)—not the "more lenient standard of Rule 60(b)." Def.'s Obj. at 1. Ms. Arabaitzis insists that she filed a Rule 60(b)(1) motion, and then she correctly argues that the "bar is higher for permitting a Rule 60(b)(1)" than a Rule 59(e) motion. Pl.'s Reply at 8–9, ECF No. 63.

Courts treat motions for reconsideration filed within Rule 59(e)'s stricter timeframe— originally 10 days and now amended to 28 days—as Rule 59(e) motions as opposed to Rule 60(b) motions. *Owen-Williams v. BB & T Inv. Servs., Inc.*, 797 F. Supp. 2d 118, 121–22 (D.D.C. 2011) ("As a general matter, courts treat a motion for reconsideration as originating under Rule 59(e) if it is filed within 28 days of the entry of the order at issue and as originating under Rule 60(b) if filed thereafter."). So on this point, Unum is correct.

But this is to Ms. Arabaitzis's benefit. Relief under Rule 60(b) is more restrictive than under Rule 59(e). *See Taitz v. Obama*, 754 F. Supp. 2d 57, 58 (D.D.C. 2010). In general, "the bar stands even higher for a party to prevail on a Rule 60(b) motion" because a party must show "fraud, mistake, extraordinary circumstances, or other enumerated situations." *Uberoi v. EEOC*, 271 F. Supp. 2d 1, 2–3 (D.D.C. 2002). Of course, it would be illogical to hold motions for

3

reconsideration filed promptly to a higher standard than stale motions; this would just incentivize parties to sit on their grievances until after the 28-day cut-off. So contrary to her self-harming arguments, Ms. Arabaitzis is entitled to consideration under Rule 59(e) and its more forgiving standard.

Even Rule 59(e) has limits, though. "Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213, 217 (D.C. Cir. 2018) (quoting *Exxon Shipping v. Baker*, 554 U.S. 471, 486 n.5 (2008)). Courts may grant a Rule 59(e) motion only "(1) if there is an 'intervening change of controlling law;' (2) if new evidence becomes available; or (3) if the judgment should be amended in order to 'correct a clear error or prevent manifest injustice'" *Id.* (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).

There is no manifest injustice when "a party could have easily avoided the outcome, but instead elected not to act until after a final order had been entered." *Ciralsky v. CIA*, 355 F.3d 661, 665 (D.C. Cir. 2004). And the moving party has the burden of proving that relief under Rule 59(e) is warranted. *Owen-Williams*, 797 F. Supp. 2d at 124.

**III.**

In her Motion for Reconsideration, Ms. Arabaitzis explains that she failed to file her objections to the Report and Recommendation before the Court's Order because she made a computational error when she calculated the deadline. Mot. at 1. And then Ms. Arabaitzis attaches her objections to the Magistrate Judge's Report and Recommendation. *See* Pl.'s Objs., ECF No. 60-1. She argues that the Magistrate Judge failed: (1) "to address many pertinent medical findings;" (2) "to address the combination of Ms. Arabaitzis' medical conditions;" (3)

4

"to undertake a fair and necessary vocational analysis;" (4) "to address the witness statements of record;" (5) "to address Unum's unfair claims review;" (6) "to properly analyze this matter under the applicable standard of review;" and (7) "to address Unum's decision not to undertake a physical examination." *See generally id.* In response, Unum urges the Court to deny reconsideration because Ms. Arabaitzis failed to articulate why she is entitled to such an extraordinary remedy. Def.'s Obj. at 8.

As discussed above, the Court will consider Ms. Arabaitzis's motion under Rule 59(e). Because she alleges no change of controlling law or new evidence, the question is whether reconsideration is necessary to correct a clear error or prevent manifest injustice.

There is no "manifest injustice." Ms. Arabaitzis "could have easily avoided the outcome" of the Court entering judgment before considering her objections to the Report and Recommendation by filing them within the 14 days provided by Federal Rule of Civil Procedure 72(b)(2). *See Ciralsky*, 355 F.3d at 665. Even though the mathematical error was small, there is no serious argument that it was unavoidable. "Close" counts with horseshoes and hand grenades, not filing deadlines.

Similarly, Ms. Arabaitzis has not identified a "clear error" in need of correction. Her underlying objections lack merit. First, the Magistrate Judge did apply the correct standard of review. As she ably explained, because the benefit plan expressly gives the plan administrator discretionary authority to determine eligibility, a deferential standard of review is appropriate. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 111 (1989). The Court will not disturb a determination if it is reasonable, that is, "the result of a deliberate, principled reasoning process and if it is supported by substantial evidence." *Loucka v. Lincoln Nat'l Ins. Co.*, -- F. Supp. 3d --, 2018 WL 5840662, *4 (D.D.C. Nov. 8, 2018) (citation omitted). And even though Ms.

Arabaitzis may quibble with how Unum weighed the evidence, its determination is supported by substantial evidence.

Much of Ms. Arabaitzis's complaint is that the Magistrate Judge did not discuss specific arguments and pieces of evidence.[1] Not so. The Magistrate Judge did address Unum's alleged history of "unfair claims review," *see* R. & R. at 13 (explaining that Ms. Arabaitzis offers no evidence to support such a claim) and witness statements of record, *see id.* (declining to evaluate evidence because review "is confined to the evidence before the plan administrators"). And Ms. Arabaitzis criticizes the Magistrate Judge for not discussing Unum's decision to skip a physical examination. But as Ms. Arabaitzis admits, "Unum was not required to undertake a physical examination." Pl.'s Objs. at 42.

And even though the Magistrate Judge did not mention specific arguments or evidence, that hardly proves that she failed to consider it. In fact, the Magistrate Judge explicitly made her recommendation "[u]pon consideration of Plaintiff's Cross-Motion for Summary Judgment (ECF No. 22); Defendant's Cross-Motion for Summary Judgment (ECF No. 23); the memoranda in support thereof and in opposition thereto, as well as the supplemental memoranda, notices of supplemental authority and responses thereto, and the entire record therein." R. & R. at 2. Ms. Arabaitzis just asserts that the Magistrate Judge did not consider specific arguments or evidence

---

[1] In his motion, plaintiff's counsel, Scott Elkind, is repeatedly disrespectful toward the Magistrate Judge. *See, e.g.*, Pl.'s Objs. at 7, ("Further, the Report and Recommendation's reference (p.3) to the limited number of physician visits is nonsensical."); *id.* at 7-8 ("The Magistrate, for some unknown reason, failed to appreciate that humans are not like lizards."). Counsel is warned to refrain from such sanctionable language and tone in the future.

even though the Magistrate Judge expressly stated that she considered the pleadings and record. Ms. Arabaitzis has not articulated—much less shown—a clear error here.

In any event, even "if the medical evidence is close and supports both conclusions, then judicial deference would support the plan administrator's decision to deny the plaintiff's benefits." *Mobley v. Cont'l Cas. Co.*, 405 F. Supp. 2d 42, 48 (D.D.C. 2005). Ms. Arabaitzis's objections reveal that she does not understand the Court's deferential review of Unum's decision. In arguing that Unum should not have denied her benefits, she points to different medical evidence, the effect of the combination of her medical conditions, alternative vocational analysis, and other witness statements. But "[t]he ability to choose among conflicting evidence is, essentially, a natural outgrowth of the discretion that the plan affords the *administrator*." *Id.* (emphasis added). And Ms. Arabaitzis has not shown that the challenged decision was *unreasonable* based on the evidence and arguments before Unum at the time. *See Brown v. Hartford Life & Accident Ins. Co.*, 12 F. Supp. 3d 88, 95–96 (D.D.C. 2014).

In sum, none of Ms. Arabaitzis's arguments fall within Rule 59(e)'s "limited exception to the rule that judgments are to remain final." *Leidos*, 881 F.3d at 217. Thus, Ms. Arabaitzis has not proven that she is entitled to reconsideration of the Court's prior Order.

\* \* \*

For all these reasons, it is hereby

**ORDERED** that Plaintiff's Motion for Reconsideration is DENIED.

This is a final, appealable order.


Dated: December 11, 2018                                TREVOR N. McFADDEN
                                                        United States District Judge